## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03456-SKC

**ALLISON MACDOUGALL**,

   Plaintiff,

 v.

**BANNER HEALTH**,

   Defendant.

---

## ANSWER TO COMPLAINT AND JURY DEMAND

---

Defendant Banner Health ("Defendant") by and through its undersigned attorneys, in response to Plaintiff's Complaint, responds and alleges as follows:

## I. **INTRODUCTION**

1. Allison MacDougall, a woman of Hispanic ethnicity and Mexican ancestry was employed by Banner Health, last as a Patient Financial Services Representative. The clinic where Ms. MacDougall worked had a culture of racial and ethnic hostility, particularly about Hispanic and people described as "Mexican." Throughout Ms. MacDougall's employment, she was the target of and subjected to slurs and jokes about her race and national origin. Defendant discriminated against Ms. MacDougall by subjecting her to disparate treatment, up to and including pay and leading to constructive discharge. Ms. MacDougall brings this proceeding for damages to redress violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 1 of the Complaint related to Plaintiff's ethnicity and ancestry and therefore denies them, except to admit that Plaintiff identified herself as Hispanic during her employment. Defendant denies the remaining allegations in Paragraph 1 of the Complaint, except to admit that Plaintiff worked for Banner Health as a Patient Financial Services Representative.**

## II. <u>JURISDICTION</u>

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 to enforce the provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations in Paragraph 2 of the Complaint, except to admit that this Court has jurisdiction.**

## III. <u>VENUE</u>

3.      The unlawful employment actions described below were committed in the state of Colorado. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

**ANSWER: Defendant denies the allegations in Paragraph 3 of the Complaint, except to admit that venue is proper.**

## IV. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

4.      Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

**ANSWER: Defendant admits the allegations in Paragraph 4 of the Complaint.**

QB\61039898.1

5.      On or about September 11, 2019, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue.

**ANSWER: Defendant admits the allegations in Paragraph 5 of the Complaint.**

6.      This action was commenced within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

**ANSWER: Defendant admits the allegations in Paragraph 6 of the Complaint.**

## V.  PARTIES

7.      Plaintiff Allison MacDougall is a resident of Colorado who was employed by Banner Health as a Patient Financial Services Representative. Plaintiff worked in Banner Health's Health Clinic located at 2010 16th Street in Greeley, Colorado, which concentrates specifically in gastroenterology.

**ANSWER: Defendant admits the allegations in Paragraph 7 of the Complaint.**

8.      Banner Health is an Arizona non-profit corporation conducting business in the State of Colorado.

**ANSWER: Defendant admits the allegations in Paragraph 8 of the Complaint.**

## VI. GENERAL ALLEGATIONS

9.      Paragraphs 1 through 8 are incorporated herein.

**ANSWER: Defendant re-alleges and incorporates its responses to the preceding Paragraphs as though fully set forth herein.**

3

QB\61039898.1

10.     Plaintiff is of Hispanic racial background and ethnicity.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 10 of the Complaint and therefore denies them, except to admit that Plaintiff identified as Hispanic during her employment.**

11.     Plaintiff's national origin is Mexican.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 11 of the Complaint and therefore denies them.**

12.     Plaintiff was hired by Defendant on April 20, 2015.

**ANSWER: Defendant denies the allegations in Paragraph 12 of the Complaint, except to admit that Defendant hired Plaintiff in February 2015.**

13.     Plaintiff was first hired to work part-time as an administrative assistant, then hired for a full-time position in Defendant's gastroenterology clinic in Greeley, Colorado as a Patient Financial Services Representative.

**ANSWER: Defendant admits the allegations in Paragraph 13 of the Complaint.**

14.     Throughout her employment, Plaintiff performed the duties of her position satisfactorily.

**ANSWER: Defendant denies the allegations in Paragraph 14 of the Complaint.**

15.     Plaintiff was well-liked by patients, staff, and liaisons outside of the clinic. Plaintiff received positive feedback from physicians and people she assisted in the office.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 15 of the Complaint and therefore denies them.**

4

16.     The clinic where Plaintiff worked was very busy with long wait times to be seen by a physician. Patients calling for appointments had already received a referral from their primary physician.

**ANSWER: Defendant denies the allegations in Paragraph 16 of the Complaint, except to admit that the clinic was busy and patients were often referred to the clinic by another provider.**

17.     The majority of patients seen by the clinic were Hispanic and/or primarily Spanish- speakers.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 17 of the Complaint and therefore denies them.**

18.     During Plaintiff's employment with Defendant, Plaintiff was subjected to ongoing comments and offensive conduct relating to her race, Hispanic, as well as her national origin of Mexican ancestry.

**ANSWER: Defendant denies the allegations in Paragraph 18 of the Complaint.**

19.     The clinic where Plaintiff worked had a culture of racial and ethnic insensitivity. Plaintiff's supervisor and senior employees made, encouraged, or acquiesced in various hostile comments.

**ANSWER: Defendant denies the allegations in Paragraph 19 of the Complaint.**

20.     The clinic atmosphere was so hostile toward Hispanics and people of Mexican heritage that one employee refused to reveal she even spoke Spanish or was of Mexican descent to avoid harassing comments.

**ANSWER: Defendant denies the allegations in Paragraph 20 of the Complaint.**

21.     Plaintiff was subjected to offensive, negative, and hostile remarks about Hispanics and people generally referred to as "Mexican" or "Mexicans."

**ANSWER: Defendant denies the allegations in Paragraph 21 of the Complaint.**

22.     Employees in the clinic made comments to and around Plaintiff about Mexicans being lazy and not wanting to work. A registered nurse expressed her opinion to Plaintiff that "Mexican" patients, especially those using Medicaid, were "the worst." Some clinic employees commented that Hispanic and Mexican patients using Medicaid were a drain on society. Similar comments were not made of the white patients who used Medicaid benefits to obtain services at the clinic.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore denies them.**

23.     This registered nurse stated openly that she was voting for Donald Trump because he would build a wall and "get rid of them all." She also commented that another Hispanic employee in the office only got married so that she could stay in the country "legally," and accused that Hispanic employee of not being in the country legally.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 23 of the Complaint and therefore denies them.**

24.     Plaintiff, who is fluent in Spanish, was frequently asked by physicians to explain procedures, preparation, or follow up care to Spanish-speaking patients. Plaintiff's supervisor knew that physicians sought Plaintiff out to assist with Spanish-speaking patients.

QB\61039898.1

**ANSWER: Defendant denies the allegations in Paragraph 24 of the Complaint.**

25.     Plaintiff's supervisor, Lindsey Maxwell, admonished Plaintiff in writing for assisting patients in Spanish. Ms. Maxwell knew that physicians asked for Plaintiff's assistance with Spanish-speaking patients but gave her a written warning for doing so anyway.

**ANSWER: Defendant denies the allegations in Paragraph 25 of the Complaint, except to admit that Ms. Maxwell sent Plaintiff an email requesting that she not provide medical interpretation services within the clinic or the hospital.**

26.     Clinic managers and supervisors refused to permit Plaintiff to become a certified Spanish interpreter for the office despite physician requests and Plaintiff having already taken necessary steps to become Banner Health-certified. All that needed to be done was to get authorization from Plaintiff's supervisor to take the training offered by Banner Health, but Ms. Maxwell would not authorize it.

**ANSWER: Defendant denies the allegations in Paragraph 26 of the Complaint.**

27.     The clinic had a phone line that patients whose primary language was not English could use for interpreter services. This was called within the clinic as the "Hola line." The Hola line for Spanish-speakers never worked in the clinic, and despite requests by Plaintiff and physicians to get it repaired, Defendant and/or supervisors in the clinic never bothered to have it in working order.

**ANSWER: Defendant denies the allegations in Paragraph 27 of the Complaint, except to admit that the clinic had a telephone line for patients whose primary language was not English.**

7

28.     Plaintiff also received a lower rate of pay than white, non-Hispanic employees for the same work. Other Hispanic and Latino employees received lower rates of pay for the same position.

**ANSWER: Defendant denies the allegations in Paragraph 28 of the Complaint, except to admit that employee compensation varied based on prior experience.**

29.     Plaintiff was tasked with training new employees for the same position she held yet earned $2.00 less per hour than white, non-Hispanic employees.

**ANSWER: Defendant denies the allegations in Paragraph 29 of the Complaint, except to admit that Plaintiff sometimes trained new employees and employee compensation varied based on prior experience.**

30.     Plaintiff's supervisor and her supervisor's manager (also the clinic's manager) witnessed the treatment of Hispanic employees, offensive comments toward Hispanics and Mexicans, and treatment of Plaintiff by white employees in the clinic. Defendant did not take corrective or disciplinary action to remedy the hostile and severe offensive conduct.

**ANSWER: Defendant denies the allegations in Paragraph 30 of the Complaint.**

31.     Plaintiff also witnessed and reported the conduct of clinic employees who refused to add Spanish-speaking patients to the schedule before adding white, primarily English-speaking patients, even if those Spanish-speaking patients called first to make an appointment.

**ANSWER: Defendant denies the allegations in Paragraph 31 of the Complaint.**

32.     Hispanic patients were given lower priority for appointments than white, non-Hispanic patients. On one occasion, a family member of a Hispanic patient called Plaintiff to

inform the clinic that her father had died as a result of not being given a timely appointment despite a referral. Plaintiff witnessed Defendant's security personnel escort a Hispanic patient out of the clinic when the patient exhibited signs of severe medical distress.

**ANSWER: Defendant denies the allegations in Paragraph 32 of the Complaint.**

33.     Plaintiff and other employees complained to Plaintiff's supervisor, other clinic managers, and human resources representatives in detail about the treatment of Hispanic patients and employees in the clinic.

**ANSWER: Defendant denies the allegations in Paragraph 33 of the Complaint, except to admit that Plaintiff made a complaint that Spanish-speaking patients had to wait longer to see a physician because of the lack of Spanish translators.**

34.     Plaintiff also made reports to Banner Health via its comply line, both confidentially and using her name, to seek assistance with discriminatory conduct in the workplace and the severe and pervasive hostile work environment.

**ANSWER: Defendant denies the allegations in Paragraph 34 of the Complaint, except to admit that after Plaintiff went on leave from work, she made two ComplyLine complaints.**

35.     Other Banner Health employees contacted the comply line on Plaintiff's behalf to report disparate treatment and the hostile work environment in the clinic toward Hispanic employees and those employees of Mexican origin or ancestry.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 35 of the Complaint and therefore denies them.**

36.     Defendant did not address Plaintiff's complaints or the complaints of other employees who identified themselves as Hispanic or of Mexican origin.

**ANSWER: Defendant denies the allegations in Paragraph 36 of the Complaint.**

37.     Defendant retaliated against Plaintiff for her complaints of discriminatory conduct and a hostile work environment by receiving a disproportionately heavier workload, accounting for Plaintiff's time worked differently than white employees, and adding additional duties to Plaintiff's workload not typical of patient financial services representatives.

**ANSWER: Defendant denies the allegations in Paragraph 37 of the Complaint.**

38.     Plaintiff's supervisor reduced Plaintiff's pay for attending an employee's office birthday celebration in the lunchroom, but Plaintiff's supervisor did not do so for white employees. Plaintiff told her supervisor that she would rather call Spanish-speaking patients back who were waiting for appointments instead of attending the birthday celebration, but Plaintiff's supervisor requested that she attend. Ms. Maxwell told Plaintiff that Plaintiff was not a "team player." Plaintiff's supervisor reduced Plaintiff's pay for attending the birthday celebration anyway.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 38 of the Complaint and therefore denies them.**

39.     Banner Health's management and administration permitted a culture of animus toward Hispanics, and non-white and/or foreign-born individuals.

**ANSWER: Defendant denies the allegations in Paragraph 39 of the Complaint.**

QB\61039898.1

40.     Because of Defendant's and its employees' conduct toward Plaintiff and other Hispanic and/or Mexican-born employees and patients, Plaintiff suffered extreme emotional distress and was placed on medical leave at the direction of her treating physicians. Plaintiff was replaced in her position and was ultimately constructively discharged.

**ANSWER: Defendant denies the allegations in Paragraph 40 of the Complaint.**

## VII. <u>FIRST CLAIM FOR RELIEF</u>
## <u>(42 U.S.C. § 1981 - Hostile Work Environment)</u>

41.     Plaintiff realleges all prior paragraphs and incorporates them herein.

**ANSWER: Defendant re-alleges and incorporates its responses to the preceding Paragraphs as though fully set forth herein.**

42.     Title 42 U.S.C. § 1981 provides in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . . (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

**ANSWER: Paragraph 42 is not a factual allegation, but rather a statement of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint, except to admit that the statute speaks for itself.**

11

43.     Plaintiff is a non-white Hispanic woman and is thus a member of a protected class under 42 U.S.C. § 1981.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 43 of the Complaint and therefore denies them, except to admit that Plaintiff identified as Hispanic during her employment.**

44.     Defendant discriminated against Plaintiff because of her race in violation of 42 U.S.C. § 1981 by engaging in, tolerating, or failing to prevent the race-based harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices.

**ANSWER: Defendant denies the allegations in Paragraph 44 of the Complaint.**

45.     Defendant has denied Plaintiff the protections against race discrimination provided by 42 U.S.C. § 1981 in the terms and conditions of her employment.

**ANSWER: Defendant denies the allegations in Paragraph 45 of the Complaint.**

46.     Defendant discriminated against Plaintiff in the making or enforcement of its contracts with her, wholly or in part, because of her race.

**ANSWER: Defendant denies the allegations in Paragraph 46 of the Complaint.**

47.     During Plaintiff's employment, Defendant subjected Plaintiff to offensive and unwelcome comments based on Plaintiff's race.

**ANSWER: Defendant denies the allegations in Paragraph 47 of the Complaint.**

12

48.     During Plaintiff's employment, Defendant tolerated offensive and unwelcome comments based on Plaintiff's race made by others, and by their own actions, encouraged those offensive and unwelcome comments.

**ANSWER: Defendant denies the allegations in Paragraph 48 of the Complaint.**

49.     Plaintiff clearly indicated that the conduct was unwelcome by reporting it to her supervisor, human resources, and through Banner Health's comply line. Plaintiff did not solicit or incite the conduct and she perceived the conduct to be offensive and/or undesirable.

**ANSWER: Defendant denies the allegations in Paragraph 49 of the Complaint, except to admit that Plaintiff made complaints to the ComplyLine after she went on leave from work.**

50.     This conduct and other incidents of harassment described above were because of Plaintiff's race and national origin.

**ANSWER: Defendant denies the allegations in Paragraph 50 of the Complaint.**

51.     The conduct suffered by Plaintiff was sufficiently pervasive or severe to alter and did alter a condition of Plaintiff's employment and created an abusive working environment.

**ANSWER: Defendant denies the allegations in Paragraph 51 of the Complaint.**

52.     Plaintiff was detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable person in Plaintiff's position.

**ANSWER: Defendant denies the allegations in Paragraph 52 of the Complaint.**

53.     The harassment directed at Plaintiff was either intended to cause her emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would

13

cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to Defendants' conduct.

**ANSWER: Defendant denies the allegations in Paragraph 53 of the Complaint.**

54.      Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, and was the proximate cause of significant injuries, damages, and losses incurred by Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 54 of the Complaint.**

### VIII. <u>SECOND CLAIM FOR RELIEF</u><br>(42 U.S.C. § 1981 - Race Discrimination)

55.      Plaintiff realleges all prior paragraphs and incorporates them herein.

**ANSWER: Defendant re-alleges and incorporates its responses to the preceding Paragraphs as though fully set forth herein.**

56.      Plaintiff is a non-white Hispanic woman and is thus a member of protected class under 42 U.S.C. § 1981.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 56 of the Complaint and therefore denies them, except to admit that Plaintiff identified as Hispanic during her employment.**

57.      Plaintiff was at all times qualified to perform her job duties and performed them satisfactorily.

**ANSWER: Defendant denies the allegations in Paragraph 57 of the Complaint.**

QB\61039898.1

58.     Defendant has denied Plaintiff the protections against race discrimination and retaliation provided by Section 1981 in the terms and conditions of her employment and in discharging her wholly or in part based upon her race.

**ANSWER: Defendant denies the allegations in Paragraph 58 of the Complaint.**

59.     Defendant, at least by and through the conduct of their employees, discriminated against Plaintiff in the making or enforcement of their contracts with her, wholly or in part, because of her race.

**ANSWER: Defendant denies the allegations in Paragraph 59 of the Complaint.**

60.     Defendant is liable for the intentional acts and omissions of their agents and employees.

**ANSWER: Defendant denies the allegations in Paragraph 60 of the Complaint.**

61.     Defendant's conduct was willful, wanton and in reckless disregard of Plaintiff's federally protected rights, and was the proximate cause of significant injuries, damages and losses incurred by Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 61 of the Complaint.**

## IX. <u>THIRD CLAIM FOR RELIEF</u>
### <u>(Race/National Origin Discrimination - Title VII - 42 U.S.C. § 2000e-2)</u>

62.     Plaintiff realleges all prior paragraphs and incorporates them herein.

**ANSWER: Defendant re-alleges and incorporates its responses to the preceding Paragraphs as though fully set forth herein.**

63.     Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER: Defendant admits the allegations in Paragraph 63 of the Complaint.**

64.     As a Hispanic-American woman of Mexican ancestry, Plaintiff is a member of protected classes under Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 64 of the Complaint and therefore denies them, except to admit that Plaintiff identified as Hispanic during her employment.**

65.     Defendant treated Plaintiff less favorably than her similarly situated counterparts who are not Hispanic-American and/or Hispanic.

**ANSWER: Defendant denies the allegations in Paragraph 65 of the Complaint.**

66.     Plaintiff was subjected to adverse treatment in the terms and conditions of her employment because of her race and/or national origin, including but not limited to lost employment opportunities and discriminatory terms and conditions of employment as described above.

**ANSWER: Defendant denies the allegations in Paragraph 66 of the Complaint.**

67.     At all pertinent times, Plaintiff performed the functions of her job competently and was more qualified for the position she held than other newly-hired employees.

**ANSWER: Defendant denies the allegations in Paragraph 67 of the Complaint.**

QB\61039898.1

68.     Despite Plaintiff's qualifications, Defendant subjected her to discrimination because of her race and/or national origin.

**ANSWER: Defendant denies the allegations in Paragraph 68 of the Complaint.**

69.     Defendant's asserted reasons for the employment actions Plaintiff suffered were pretext for illegal race discrimination.

**ANSWER: Defendant denies the allegations in Paragraph 69 of the Complaint.**

70.     Plaintiff's race was a motivating factor in Defendant's discrimination against her.

**ANSWER: Defendant denies the allegations in Paragraph 70 of the Complaint.**

71.     Because of Defendant's illegal conduct, Plaintiff has sustained significant injuries, damages, and losses.

**ANSWER: Defendant denies the allegations in Paragraph 71 of the Complaint.**

## X.  FOURTH CLAIM FOR RELIEF
### (Hostile Work Environment - Title VII - 42 U.S.C. § 2000e-2)

72.     Plaintiff realleges all prior paragraphs and incorporates them herein.

**ANSWER: Defendant re-alleges and incorporates its responses to the preceding Paragraphs as though fully set forth herein.**

73.     Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER: Defendant admits the allegations in Paragraph 73 of the Complaint.**

74.     Defendant discriminated against Plaintiff because of her race and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to

prevent the race- and/or national origin-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

**ANSWER: Defendant denies the allegations in Paragraph 74 of the Complaint.**

75.     During her employment, Plaintiff was subjected to numerous offensive and unwelcome comments and actions about her race/national origin, including comments and acts by the high-ranking employees and supervisors in the office.

**ANSWER: Defendant denies the allegations in Paragraph 75 of the Complaint.**

76.     Defendant allowed hostile comments and conduct to continue that targeted Plaintiff, fellow employees, and patients on the basis of their race and national origins.

**ANSWER: Defendant denies the allegations in Paragraph 76 of the Complaint.**

77.     Defendant allowed an abusive and hostile work environment based on race and national origin discrimination.

**ANSWER: Defendant denies the allegations in Paragraph 77 of the Complaint.**

78.     Plaintiff and other employees clearly indicated that the conduct was unwelcome. Plaintiff did not solicit or incite the conduct and she perceived the conduct to be offensive and/or undesirable.

**ANSWER: Defendant denies the allegations in Paragraph 78 of the Complaint.**

79.     This conduct described above and other incidents of harassment described above were because of Plaintiff's race and/or national origin.

**ANSWER: Defendant denies the allegations in Paragraph 79 of the Complaint.**

QB\61039898.1

80.     The conduct suffered by Plaintiff was sufficiently pervasive and/or severe to alter and did alter a condition of Plaintiff's employment and created an abusive working environment.

**ANSWER: Defendant denies the allegations in Paragraph 80 of the Complaint.**

81.     Plaintiff was detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable person in Plaintiff's position.

**ANSWER: Defendant denies the allegations in Paragraph 81 of the Complaint.**

82.     The harassment directed at Plaintiff was either intended to cause her severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of Defendant.

**ANSWER: Defendant denies the allegations in Paragraph 82 of the Complaint.**

## XI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for the following relief:

a.     Economic damages, including back pay;

b.     Nonpecuniary and compensatory damages, including damages for emotional distress and consequential damages;

c.     Punitive damages for claims as allowed by law;

d.     Nominal damages;

e.     Injunctive relief;

f.     A declaration that Defendants' conduct violated Plaintiff's rights under 42 U.S.C. § 1981;

19

g.  Pre- and post- judgment interest at the highest statutory rate;

h.  Costs and attorneys' fees; and

i.  All other legal or equitable relief the court deems appropriate.

**ANSWER: Defendant denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all.**

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury.

**ANSWER: Defendant does not dispute Plaintiff's demand for a jury trial.**

## <u>GENERAL DENIAL</u>

Defendant denies all allegations in the Complaint not expressly admitted herein.

## <u>ADDITIONAL DEFENSES</u>

1.  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.  Without admitting that Plaintiff has suffered damages, Plaintiff has failed to mitigate her damages, if any, and to offset her alleged damages.

3.  Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII and 42 U.S.C. § 1981.

4.  Defendant reserves the right to supplement or amend any part of its Answer, including affirmative and additional defenses that may be discovered in the course of discovery in this matter.

**WHEREFORE**, having fully defended the Complaint, Defendant prays for judgment as follows:

A.      Dismissing the Complaint against Defendant with prejudice;

B.      For costs, disbursements, and attorneys' fees; and

C.      For such other relief as the Court deems just and equitable.

DATED this 9th day of January, 2020.

QUARLES & BRADY LLP

By s/ Lindsay J. Fiore
    Stephanie J. Quincy (32392)
    Lindsay J. Fiore (PHV 2076629)
    2 North Central Avenue
    Phoenix, Arizona 85004
    Tel. (602) 229-5200
    Fax (602) 229-5690
    E-mail: stephanie.quincy@quarles.com
    E-mail: lindsay.fiore@quarles.com

    *Attorneys for Defendant*

21

QB\61039898.1